UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV918 RLW |
| | ) |
| NANCY BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (ECF No. 26). In the motion, Plaintiff's attorney seeks $8,622.00 in fees from the past-due benefits awarded to the Plaintiff for services performed in successfully appealing the Commissioner's Social Security determination. Defendant has filed a response stating she has no objection to an award of attorney's fees in the amount requested (ECF No. 28).

On July 13, 2015, United States Magistrate Judge Thomas C. Mummert, III, (retired) reversed and remanded this case to the Commissioner for further proceedings. (ECF Nos. 21, 22) Counsel for Plaintiff was also awarded attorney's fees in the amount of $3,821.88 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 25) On remand, the ALJ found Plaintiff disabled in a favorable decision dated August 23, 2016. (Pl.'s Ex. 1, ECF No. 26-3) The ALJ determined that Plaintiff had been disabled since June 15, 2010 and awarded past due benefits under Title II of the Social Security Act. (Pl.'s Ex. 1, ECF No. 26-3; Pl.'s Ex. 2,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this suit. No further actions needs to be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

ECF No. 26-4) The Notice of Award also withheld 25%, or $10,521.50, from the past due benefits in the event that the Social Security Administration ("SSA") was required to pay attorney's fees in accordance with a fee agreement between Plaintiff and his counsel. (Pl.'s Ex. 2, ECF No. 26-4) Plaintiff's attorney now requests that the Court award 25% of the back pay for services rendered in the United States District Court pursuant to the fee agreement, minus fees recovered under 42 U.S.C. § 406(a).[2] The case was reassigned to this Court following Judge Mummert's retirement. (ECF No. 27)

> Under § 406(b) of the Social Security Act:
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). Interpreting § 406(b), the United States Supreme Court in *Gisbrecht v. Barnhart* concluded, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. 789, 807 (2002). Within the 25% boundary set forth in the statute, "the attorney for the successful claimant must show the fee sought is reasonable for the services rendered." *Id.* Specifically, courts must look to the contingent fee agreement; test the agreement for reasonableness; and reduce the fee, if necessary, "based on the character of the representation and the results the representative achieved." *Id.* at 808.

Here, Plaintiff's counsel has requested attorney's fees under § 406(b) in the amount of $8,622.00, which represents 25% of the total past due benefits minus fees received under §

---

[2] The Fee Agreement also provided that, should Plaintiff's attorney receive fees pursuant to 42 U.S.C. § 406(b), Plaintiff will be refunded the lesser amount of either the § 406(b) fees or the EAJA fees collected pursuant to 28 U.S.C. § 2412. (Pl.'s Ex. 3, ECF No. 26-5) According to the memorandum in support of the present motion, Plaintiff's attorney also received $1,899.50 in attorney's fees under § 406(a) for work performed before the Social Security Administration. (Pl.'s Mem. ins Support of Mot. for Award of Attorney Fees p. 3, ECF No. 26-1)

2

406(a). In support, counsel has submitted the ALJ's favorable decision, the notice of award of benefits letter from the SSA, the contingent fee agreement between Plaintiff and counsel, an itemized invoice for legal services, and an Executive Summary of the Missouri Bar Economic Survey Report. (ECF Nos. 26-3 to 26-7) Defendant does not object to an award under § 406(b) of $8,622.00.

After independent review of the record in this case, the Court finds that the § 406(b) request for attorney's fees is reasonable, and no reduction in the requested amount is warranted. Therefore, the Court will award Plaintiff's counsel attorney's fees under § 406(b) in the amount of $8,622.00, representing 25% of Plaintiff's past due benefits minus the $1,899.50 counsel has already received under § 406(a). Plaintiff's counsel has acknowledged that she is obligated to refund to Plaintiff the amount of the smaller EAJA fee, which in this case was $3,821.88. *Gisbrecht*, 535 U.S. at 796. While Defendant requests that the Court order Plaintiff's counsel to refund the EAJA fee to Plaintiff, the Court notes that neither the EAJA nor § 406(b) require the Court to take action with regard to refunding the smaller fee. *See, e.g., Gunn v. Colvin*, No. 2:14-CV-20-SPM, 2016 WL 5688613, at *2 (E.D. Mo. Oct. 3, 2016) ("[T]here is no obligation for the Court to take any action with respect to the refund."); *Ciecalone v. Colvin*, No. 4:13CV28 NAB, 2014 WL 1375557, at * 4 (E.D. Mo. Apr. 8, 2014) (same). Counsel is aware that she must refund the amount of the EAJA award to the Plaintiff, and the Court expects counsel to comply with this obligation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (ECF No. 26) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant shall remit to attorney Kathleen E. Overton at the Law Offices of Daniel Parmele, 1505 E. Bradford Parkway, Springfield, MO 65804, attorney's fees in the amount of $8,622.00.

Dated this 16th day of May, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**